IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2007 AUG 10 A 9: 34

U.S. DISTRICT COURT

| | |
|---|---|
| UNIDAD LATINA EN ACCIÓN and JUNTA FOR PROGRESSIVE ACTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. <br> 3:07CV1224(MRK) <br><br><br> August 10, 2007 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq. for declaratory and injunctive relief to compel the disclosure and release of agency records improperly withheld from Plaintiffs by Defendant United States Department of Homeland Security ("DHS") and its component Immigration and Customs Enforcement ("ICE").

2. Plaintiffs seek to compel the release of records on a matter of public concern, namely, ICE's immigration enforcement policies, practices, and activities in and around New Haven, Connecticut. In particular, Plaintiffs seek to compel the release of records regarding an investigation, arrest, and detention of twenty-nine individuals in and around New Haven, Connecticut on June 6, 2007. The planning of the June 6 immigration raids closely followed the proposal of a municipal identification card program in New Haven and the arrests came on the heels of the approval of the program by New Haven's Board of Alderman. The temporal

proximity of these two initiatives has caused much speculation in the community about a possible retaliatory nature to the immigration raids. The disclosure of the requested records will help inform public debate about these issues.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331 and 1361.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(1), as all of the complainants reside in the District of Connecticut.

## PARTIES

5. Plaintiff Unidad Latina en Acción ("ULA") is an unincorporated association fighting for immigrant rights in New Haven, Connecticut. The office and principal place of business of ULA is in New Haven, Connecticut.

6. Plaintiff Junta for Progressive Action, Inc. ("JUNTA") is a Latino, community-based non-profit in New Haven, Connecticut. It provides free financial services, educational programs and advocacy in order to improve the social, political, and economic conditions of the Latino community in the New Haven area. The office and principal place of business of JUNTA is in New Haven, Connecticut.

7. Defendant United States Department of Homeland Security ("DHS") is the federal agency responsible for enforcing immigration laws. ICE is the division of DHS responsible for enforcing immigration laws. DHS is an agency within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

### The Municipal Identification Card Program in New Haven, Connecticut

8. In October 2005, Plaintiffs JUNTA and ULA jointly presented New Haven's City Hall with a proposal entitled "A City to Model." In order to enhance public safety and improve the relationship between immigrant communities and the rest of New Haven, the plan outlined six initiatives, including the creation of a municipal identification card for New Haven residents.

9. Not long thereafter, the Mayor of New Haven, John DeStefano, Jr., announced his intention to issue municipal identification cards. At the time, Mayor DeStefano was a candidate for governor of Connecticut, and his announcement received substantial attention in the local and national media.

10. As the City of New Haven moved forward with its plan to issue the identification card in early 2007, the proposed program continued to receive local and national media attention, including favorable coverage in a March 5, 2007 story in *The New York Times* and an April 10, 2007 story on the front page of *The Washington Post*.

11. On April 15, 2007, the Sunday edition of *The New York Times* published an op-ed praising the City of New Haven for its plan to issue municipal identification cards, as well as for other local policies to integrate non-citizens into the fabric of civic life.

12. According to Julie L. Myers, Assistant Secretary, DHS, on April 20, 2007 (several days after the favorable *New York Times* op-ed) an ICE Fugitive Operations Team ("FOT") based in Hartford, Connecticut submitted a plan for a "New Haven enforcement initiative" to ICE Headquarters Detention and Removal Office ("DRO"). This plan was approved by Headquarters DRO on May 4, 2007.

13. On June 4, 2007, by a vote of twenty-five to one, the Board of Alderman, New Haven's municipal legislative body, approved the acceptance of private funds to begin implementation of a municipal identification program.

**The Arrest of Twenty-Nine Individuals on June 6, 2007**

14. Two days after the approval of the municipal identification program, on June 6, 2007, the Hartford FOT led an ICE operation that resulted in the arrest of twenty-nine men and women in and around New Haven, Connecticut.

15. Information regarding the ICE operation on June 6, 2007 is of public concern. Plaintiffs seek to determine whether this operation was carried out in accordance with applicable federal, state, and local statutes and regulations.

**Plaintiffs' FOIA Requests to ICE**

16. By letter to ICE dated June 26, 2007, Plaintiffs submitted a FOIA request ("first request") for various records relating to the arrests that took place on June 6, 2007, as well as records relating to communications between ICE and local agencies. A copy of that letter is attached to this complaint as Exhibit A. By letter to ICE dated June 26, 2007, Plaintiffs submitted a separate FOIA request ("second request") for various records related to the proposal and implementation of the New Haven municipal identification card program. A copy of the second letter is attached as Exhibit B.

17. Plaintiffs sent the two FOIA requests by FedEx "Priority Overnight" on Tuesday, June 26, 2007. A copy of the FedEx receipt is attached as Exhibit C. Defendant ICE received and signed for the request on Wednesday, June 27, 2007. A copy of the Proof of Signature is attached as Exhibit D.

4

18. In addition, Plaintiffs caused the first and second request to be emailed to the address designated by ICE for receipt of FOIA requests, ice-foia@dhs.gov, at 12:59 pm on June 26, 2007.

19. On July 29, 2007, ICE issued a letter acknowledging receipt of the first request and assigning the request an identification number, 2007FOIA52604. A copy of the acknowledgment letter is attached as Exhibit E.

20. On July 30, 2007, Annette Demory, from the ICE FOIA office, left a telephone message with Plaintiffs' attorney, Michael Wishnie. When Mr. Wishnie returned Ms. Demory's call on July 31, 2007, Ms. Demory informed him that she had received the FOIA request related to the June 6, 2007 arrests and had just begun to process it. When Mr. Wishnie inquired about the status of the second request, Ms. Demory said that she was unaware of Plaintiffs' other FOIA request.

21. To date, Plaintiffs have received no other correspondence from ICE regarding their FOIA requests.

22. To date, ICE has not provided the records requested by Plaintiffs in their FOIA requests, notwithstanding the FOIA's requirement of an agency response within twenty (20) working days. See 5 U.S.C. § 552(a)(6)(A)(i).

23. Due to ICE's inadequate response to the FOIA requests, Plaintiffs have automatically exhausted the applicable administrative remedies with respect to their FOIA requests to ICE. See 5 U.S.C. § 552(a)(6)(C)(i).

24. ICE has wrongfully withheld the requested records from Plaintiffs.

## FIRST CLAIM FOR RELIEF:
**Defendant DHS Failed to Disclose and Release Records
Responsive to Plaintiff's First and Second Requests**

25. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 – 24 as if repeated and reincorporated herein.

26. ICE, a component of DHS, has violated Plaintiffs' rights to DHS records under 5 U.S.C. § 552.

## SECOND CLAIM FOR RELIEF:
**Defendant DHS Failed to Affirmatively Disclose Records
Responsive to Plaintiff's First and Second Requests**

27. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 – 24 as if repeated and reincorporated herein.

28. Defendant's failure to make its records available to the public violates 5 U.S.C. § 552(a)(1)-(2).

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

1) Assume jurisdiction over this matter;

2) Order Defendant to disclose the requested records in their entireties and to make copies available to Plaintiffs;

3) Provide for expeditious proceedings in this action;

4) Award Plaintiffs costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5) Grant any other relief the Court deems appropriate.

Dated August 10, 2007
New Haven, Connecticut

Respectfully submitted,

| Michael Wishnie, Esq. | Christopher N. Lasch, Esq. | Hope Metcalf, Esq. |
|---|---|---|
| Federal Bar No. ct27221 | Federal Bar No. ct27139 | Federal Bar No. ct27184 |
| *Jerome N. Frank Legal Services Organization* | *Jerome N. Frank Legal Services Organization* | *Jerome N. Frank Legal Services Organization* |
| P.O. Box 209090 | P.O. Box 209090 | P.O. Box 209090 |
| New Haven, CT 06520-9090 | New Haven, CT 06520-9090 | New Haven, CT 06520-9090 |
| Telephone: (203) 432-4800 | Telephone: (203) 432-4800 | Telephone: (203) 432-4800 |
| Facsimile: (203) 432-1426 | Facsimile: (203) 432-1426 | Facsimile: (203) 432-1426 |
| michael.wishnie@yale.edu | christopher.lasch@yale.edu | hope.metcalf@yale.edu |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

On the Complaint:
Zoë Klugman
Law Student Intern

7

# EXHIBIT A

# The Jerome N. Frank Legal Services Organization
### YALE LAW SCHOOL

*By email, facsimile, and overnight mail*

June 26, 2007

FOIA Office
U.S. Immigration and Customs Enforcement
800 North Capitol St., NW
5th Floor, Suite 585
Washington, DC 20536

                        RE:    Freedom of Information Act Request

Dear Sir or Madam:

      This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), on behalf of JUNTA for Progressive Action, Inc., Unidad Latina en Acción; and the Jerome N. Frank Legal Services Organization (collectively referred to as "Requestors").

      Requestors seek disclosure of all records[1] created from January 1, 2006 to the present relating to the following:

- The investigation, arrest and detention of approximately 29 individuals in or near New Haven, Connecticut on June 6, 2007, including but not limited to all G-123A Complaint forms, all G-166C Memorandums of Investigation, all Press Releases, and all Post-Investigation Reports;

- Any communication relating to the June 6, 2007 enforcement action in New Haven Connecticut, before or after the action occurred, among or between: (1) the Boston Field Office of the U.S. Bureau of Immigration and Customs Enforcement (ICE) Office of Detention and Removal Operations (DRO); (2) DRO's Hartford Sub-Office; (3) DRO's main office at ICE headquarters; (4) ICE's National Fugitive Operations Program; and (5) any other component of ICE, <u>including but not limited to</u>:

---

[1] The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

    -- any requests from DRO's Boston Field Office or Hartford Sub-Office for approval to undertake the action, made on or about April 2007 or at any other time; and

    -- any response by DRO, NFOP, or any other ICE component to any such request, made on or about May 2007 or at any other time.

- Any and all records of communications with the New Haven Police Department from January 1, 2007 to the present, by DRO's Hartford Sub-Office or any other ICE component, including but not limited to communications in April and May 2007 regarding the Fugitive Operation Team action that resulted in the arrest of approximately 29 persons in New Haven on June 6, 2007.

Requestors request that any records that exist in electronic form by provided in electronic format on a compact disc. If any of the requested records or information are not kept in a succinct format, we request the opportunity to view the documents in your offices.

We agree to pay search, duplication, and review fees of up to $100.00. If the fees will amount to more than $100.00, we request a fee waiver pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'") (citation omitted).

The disclosure of the records requested is in the public interest because it will inform Requestors and Requestors' community about the operations and activities of the agency in the City of New Haven. The government's policies towards and the treatment of immigrants and suspected undocumented aliens are of immense public concern at present, and the disclosure of the requested records will help inform public debate about these issues. The records requested are not sought for commercial use, and Requestors plan to disseminate the information disclosed as a result of this FOIA request to the public at no cost.

Finally, pursuant to the applicable regulations and statute, Requestors expect the determination of this request for documents within 20 days. *See* 5 U.S.C. § 552(a)(6)(A)(i). If this request is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions to FOIA. Requestors expect the release of all segregable portions of otherwise exempt material. Requestors reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

Please furnish all applicable records to:

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520

Thank you for your assistance and prompt attention to this matter.

Sincerely,

Michael Wishnie
Chris Lasch
Hope Metcalf
Supervising Attorneys

Justin Cox
Law Student Intern

# EXHIBIT B

# The Jerome N. Frank Legal Services Organization
YALE LAW SCHOOL

*By email, facsimile, and overnight mail*

June 26, 2007

FOIA Office
U.S. Immigration and Customs Enforcement
800 North Capitol St., NW
5th Floor, Suite 585
Washington, DC 20536

                        RE:      **Freedom of Information Act Request**

To Whom It May Concern:

       This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), on behalf of JUNTA for Progressive Action, Inc.; Unidad Latina en Acción; and the Jerome N. Frank Legal Services Organization (collectively referred to as "Requestors").

       Requestors seek disclosure of all records[1] created from January 1, 2005 to the present relating to the following:

- All materials mentioning the New Haven municipal identification card and the "Elm City Resident Card," including but not limited to mention of the debate before the New Haven Board of Aldermen or the program's approval by the Board on June 4, 2007;
- All materials related to a report presented in October 2005 to the New Haven City Hall entitled "A City to Model."
- All materials mentioning the New Haven Police Department General Order 06-02;
- All materials mentioning the creation, existence or possibility of a "sanctuary" or policy of non-cooperation of New Haven police officers with federal immigration officials;

       Requestors request that any records that exist in electronic form by provided in electronic format on a compact disc. If any of the requested records or information are not kept in a succinct format, we request the opportunity to view the documents in your offices.

---

[1] The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

We agree to pay search, duplication, and review fees of up to $100.00. If the fees will amount to more than $100.00, we request a fee waiver pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'") (citation omitted).

The disclosure of the records requested is in the public interest because it will inform Requestors and Requestors' community about the operations and activities of the agency in the City of New Haven. The government's policies towards and the treatment of immigrants and suspected undocumented aliens are of immense public concern at present, and the disclosure of the requested records will help inform public debate about these issues. The records requested are not sought for commercial use, and Requestors plan to disseminate the information disclosed as a result of this FOIA request to the public at no cost.

Finally, pursuant to the applicable regulations and statute, Requestors expect the determination of this request for documents within 20 days. *See* 5 U.S.C. § 552(a)(6)(A)(i). If this request is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions to FOIA. Requestors expect the release of all segregable portions of otherwise exempt material. Requestors reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

Please furnish all applicable records to:

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520

Thank you for your assistance and prompt attention to this matter.


Sincerely,

Michael Wishnie
Chris Lasch
Hope Metcalf
Supervising Attorneys

Justin Cox
Law Student Intern

# EXHIBIT C

FROM:   PHONE: 203-432-4803
MAUREEN FURTAK
YALE UNIVERSITY
YALE SCHOOL OF LAW
127 WALL STREET
NEW HAVEN, CT 06511


FedEx

SHIP DATE: 26 JUN 07
SYSTEM # 1726111
ACTUAL WGT: 0.5LBS

TO:   PHONE: 203-432-4800
FOIA OFFICE
U.S. IMMIGRATION &
CUSTOMS ENFORCEMENT
800 NORTH CAROLINA ST.NW
5TH FLOOR, SUITE 585
WASHINGTON DC 20536

REF: MW-Fair Haven

**PRIORITY OVERNIGHT**

WED
AA

TRK # 790278752393 FORM 0201

IAD

Deliver by:
27JUN07

20536-DC-USA

**ZM NHKA**

# EXHIBIT D



| | | | |
|---|---|---|---|
| FedEx Express<br>Customer Support Trace<br>3875 Airways Boulevard<br>Module H, 4th Floor<br>Memphis, TN 38116 | | U.S. Mail: PO Box 727<br>Memphis, TN 38194-4643<br><br>Telephone: 901-369-3600 | |

July 30, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **790278752393**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | Washington, DC |
| Signed for by: | B.MELNICK | Delivery date: | Jun 27, 2007 10:01 |
| Service type: | Priority Envelope | | |

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 790278752393 | Ship date: | Jun 26, 2007 |
| | | Weight: | 0.5 lbs. |

**Recipient:**
Washington, DC US

**Shipper:**
New Haven, CT US

**Reference**         MW-Fair Haven

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

# EXHIBIT E

U.S. Department of Homeland Security
425 I Street NW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

June 29, 2007

MICHAEL WISHNIE
JEROME N. FRANK LEGAL SERVICES
P.O. BOX 209090
NEW HAVEN, CT  06520


Dear Requester :

This is to inform you that on June 29, 2007, the Immigration and Customs Enforcement (ICE) Freedom of Information Act (FOIA) Office received your FOIA request dated June 26, 2007. Your request has been given identification number 2007FOIA52604. Please cite this number in any further inquiry about this request.

I must advise you that depending upon the category of requesters you fall in, fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. In accordance with 6 C.F.R. §5.3(c), if you make a FOIA request, it shall be a firm commitment by you to pay all applicable fees charged under § 5.11 up to $25.00. The combined charges for search and duplication must exceed $14.00 before you will be charged any fees. Many requests do not require fees; however, if fees exceed $25.00, we will notify you beforehand.

ICE uses a multi-track system to process requests on a first in, first out basis. Simple requests are able to be answered more quickly and will be placed on the fast track of our multi-track processing. More complex requests generally require significant processing time. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. If your request involves a voluminous amount of records, requires that we collect records from separate offices, or requires that we consult with another agency, ICE is invoking the 10-day extension for your request.

ICE currently has a FOIA backlog; however, we are working expeditiously to eliminate this backlog. Due to the multi-track processing, your case will not fall within this backlog.

If you have any questions pertaining to your FOIA request, please contact the FOIA office at (202) 732-0300.

Sincerely,

*[signature]*

For Catrina M. Pavlik-Keenan, Director
Immigration and Customs Enforcement
Freedom of Information Act Office

www.ice.gov