# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIDAD LATINA EN ACCION and JUNTA FOR PROGRESSIVE ACTION, INC., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 3:07cv1224 (MRK) |
| DEPARTMENT OF HOMELAND SECURITY, | : : : : | |
| Defendant. | : | September 13, 2007 |

## DEFENDANT'S ANSWER

Defendant United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), through undersigned counsel, respectfully submits the following answer to the Complaint filed by Unidad Latina En Accion and Junta for Progressive Action, Inc. ("Plaintiffs").

1.  This paragraph is a statement of Plaintiffs' case to which no answer is required. To the extent an answer is required, Defendant denies.

2.  This paragraph contains a statement of Plaintiffs' case as well as characterization of the governments' activities since 2001, to which no answer is required. Moreover, the characterizations in this paragraph are materially irrelevant to Plaintiffs' request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. To the extent an answer is required, Defendant ICE denies.

## JURISDICTION AND VENUE

3.  This paragraph contains a statement of jurisdiction to which no answer is required. To the extent a response is required, Defendant admits the allegations in Paragraph 3.

4. This paragraph contains a statement of venue, to which no answer is required. To the extent an answer is required, Defendant admits the allegations in Paragraph 4.

## PARTIES

5. Defendant is without sufficient knowledge and information to admit or deny the allegations in Paragraph 5.

6. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 6.

7. This paragraph contains Plaintiffs' characterization of DHS and of ICE, to which no answer is required. To the extent a response is required, Defendant admits the allegations in Paragraph 7.

## STATEMENT OF FACTS

**The Municipal Identification Card Program in New Haven, Connecticut**

8. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 8.

9. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 9.

10. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 10. To the extent a response is required, Defendant respectfully refers this Court to the text of the referenced articles for a complete statement of the content of those articles.

11. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 11. To the extent a response is required, Defendants

respectfully refers this Court to the text of the referenced articles for a complete statement of the contents of those articles.

12. This paragraph contains Plaintiffs' characterization of the government's activities to which no answer is required. Moreover, the characterization in this paragraph is materially irrelevant to Plaintiffs' request for information under the FOIA. To the extent a response is required, Defendant denies the representations contained in Paragraph 12, but avers that ICE Headquarters Detention and Removal Office ("DRO") did approve the operation plan submitted by the ICE Fugitive Operations Team based in Hartford, Connecticut.

13. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 13.

**The Arrest of Twenty-Nine Individuals on June 6, 2007**

14. Defendant admits the factual allegation in this paragraph. However, to the extent Plaintiffs imply that there was a nexus between the stated event on June 6, 2007, and the arrest two days later by ICE of twenty-nine (29) individuals in and around New Haven, Connecticut, Defendant denies.

15. This paragraph contains Plaintiffs' characterization of government activities, as well as statement of their case, to which no answer is required. Moreover, the characterizations in this paragraph are materially irrelevant to Plaintiffs' request for information under the FOIA. To the extent a response is required, Defendant denies.

**Plaintiffs' FOIA Requests to ICE**

16. Admit. However, Defendant respectfully refers the Court to the documents referenced in Exhibits A and B of Plaintiffs' Complaint for the accuracy of Plaintiffs'

characterizations.

17. Admit.

18. Admit.

19. Admit.

20. Defendant admits that on July 30, 2007, Annette Demory, an employee of the ICE FOIA office, telephoned the office of Mr. Wishnie, counsel to Plaintiffs, and left a voice message for him regarding Plaintiffs' Exhibit A.  Defendant admits that Mr. Wishnie returned Ms. Demory's call on July 31, 2007.  During the July 31, 2007, telephone conversation between Ms. Demory and Mr. Wishnie, Ms. Demory informed Mr. Wishnie that he needed to provide affirmation statements from the twenty-nine (29) individuals in order to release their information.  Mr. Wishnie stated that he would provide the affirmation statements the following day.  However, no affirmation statements were submitted.  On August 10, 2007, the ICE FOIA office sent Mr. Wishnie a letter informing him once again, that on or before August 20, 2007, he needed to provide consent from the twenty-nine (29) individuals before any personal information would be released.[1]  A copy of the August 10, 2007, letter is attached hereto as Defendant's Exhibit A.

On August 22, 2007, ICE FOIA mailed Mr. Wishnie a letter informing him that the portion of the FOIA request relating to the twenty-nine (29) individuals would be closed.  In the same letter, ICE FOIA also informed Mr. Wishnie that once he received the consent forms from

---

[1] On August 17, 2007, undersigned counsel for Defendant informed Mr. Wishnie that he needed to provide the ICE FOIA with the release forms, or, if additional time was necessary to obtain such forms from the twenty-nine (29) individuals, that he should contact ICE FOIA and request an extension of time before ICE administratively closed the portion of Plaintiffs' FOIA request FOIA pertaining to the twenty-nine (29) individuals. Mr. Wishnie did not provide the release forms, nor did he contact ICE FOIA for an extension.

the twenty-nine (29) individuals, he could then submit another FOIA request regarding the twenty-nine (29) individuals.  A copy of the August 22, 2007, letter is attached hereto as Defendant's Exhibit B.  On or about August 29, 2007, Mr. Wishnie submitted to ICE FOIA a request for the A-files of eighteen (18) individuals, along with their consents/affirmation statements.  A copy of the August 29, 2007, letter is attached hereto as Defendant's Exhibit C.  On or about September 5, 2007, ICE FOIA acknowledged receipt of Mr. Wishnie's August 29, 2007, request regarding the eighteen (18) individuals.  A copy of the September 5, 2007, letter is attached hereto as Exhibit D.

      Defendant also admits that Ms. Demory was unaware of the second FOIA request.  *See* Plaintiffs' Exhibit B.  However, in a letter dated August 21, 2007, the ICE FOIA office informed Mr. Wishnie that it would treat Plaintiffs' Exhibit B as having been received on the same date as Plaintiffs' Exhibit A.  A copy of the August 21, 2007 letter is attached hereto as Defendant's Exhibit E.

      21.    Defendant denies the representations contained in Paragraph 21, but avers that at the time of acknowledgment, there were 834 requests ahead of Plaintiffs' Exhibit A and 835 requests ahead of Plaintiff's Exhibit B.  Plaintiffs' FOIA requests are being processed consistent with the ICE FOIA policy of processing the requests in the order the requests are received by ICE FOIA.  In addition, Defendant repeats and reaffirms its response in Paragraph 20.

      22.    Defendant denies the allegations contained in Paragraph 22, but avers that Defendant is currently processing Plaintiffs' FOIA requests.  In addition, Defendant repeats and reaffirms its response in Paragraph 20.

      23.    This paragraph contains a legal conclusion, and not averment of facts, to which no

answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 23.

24. This paragraph contains a legal conclusion, and not averments of facts, to which no answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

## FIRST CLAIM FOR RELIEF

25. Defendant hereby incorporates by reference each of the answers in Paragraphs 1-24, above.

26. This paragraph contains a legal argument to which an answer is not required.  To the extent that an answer is required, Defendant denies that the legal argument presented supports Plaintiffs' claim for relief.

## SECOND CLAIM FOR RELIEF

27. Defendant hereby incorporates by reference each of the answers in Paragraphs 1-26, above.

28. This paragraph contains a legal argument to which an answer is not required.  To the extent that an answer is required, Defendant denies that the legal argument presented supports Plaintiffs' claim for relief.

## REQUESTED RELIEF

This section constitutes Plaintiffs' prayer for relief, to which no response is required.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        /s/ *Victoria S. Shin*
        VICTORIA S. SHIN
        Assistant United States Attorney
        Federal Bar No. ct26806
        157 Church Street
        New Haven, CT 06510
        Telephone No.: (203) 821-3799
        Facsimile No.: (203) 773-5373

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Defendant's Answer was sent via first-class mail on this the 13th of September, 2007, to the following counsel of record:

>Michael Wishnie, Esq.
>Christopher N. Lasch, Esq.
>Hope Metcalf, Esq.
>*Jerome N. Frank Legal*
>   *Services Organization*
>P.O. Box 209090
>New Haven, CT 06520-9090

>/s/ *Victoria S. Shin*
>Victoria S. Shin
>Assistant United States Attorney