07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| ICE 3.000147-52604 | No Date | Operation return to sender target list breakdown | Withheld Personal privacy and law enforcement sensitive information | Excel Spreadsheet of targets withheld in full pursuant to Exemptions b6, b7C and 7E. The target list was created for the sole purpose of aiding law enforcement officers in carrying out the scheduled operation.  The target list contains names, alien number and dates of birth of third party individuals for which the agency does not have consent to disclose their personal information.  The disclosure of this identifying information in association with the investigation could constitute an unwarranted invasion of personal privacy.  Moreover, there is no public interest to be served by releasing the identities of third parties.  The individuals A file number, coupled with the fact that a law enforcement agency has an investigative interest and information regarding their criminal history, including type of conviction and predator status, if disclosed could subject them to embarrassment, harassment, and undue public attention. <br><br> Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes third party personally identifiable information such as A-File number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.  The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this in document. <br><br> Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of third parties found in law enforcement records.   The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. <br> Exemption (b)(7)(E) of the FOIA exempts records or information compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law.  The record is exempted pursuant to (b)(7)(E) in that the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | record was created specifically for the execution of a law enforcement operation |
| 148 | 6/ 6//07 | HAR Return to Sender arrest results | Released in full | Released in full |
| 149 | No datre | Operation Return to Sender | Released in full | Response to Mayor's questions released in full |
| 150 | 8/2/07 | Letter from Mariann Petrillo | Released in full | letter from Marian Petrillo enclosing General Order given to all New Haven Officers |
| 151 | 7/27/07 | Post and review | Released in full | Letter from New Haven Police Department referencing General Order |
| 152-154 | 4/2/07 | General order for New Have Police Department | Released in full | General order released in full |
| 273 to 280 | 06/04/07 | Operation Return to Sender Activity Report | Released in full | Excel Spreadsheets showing number of apprehensions released in full |
| 155-156 | 6/15/07 | New Haven ICE Raids | Redacted name of law enforcement officer and telephone number. | This email string is withheld in part pursuant to FOIA exemptions 2low, 6 and 7C.<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 157-158 | 6/9/07 | Forward New Haven | Withheld name of law enforcement officer and office telephone number. | This email chain is redacted is withheld in part pursuant to FOIA exemptions 2low, 6 and 7C.<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 159-160 | 6/9/07 | Operation Return to Sender Activity Report | Released in full. | Released in full |
| 161-162 | 6/8/2007 | Heads up New Fug Ops | Withheld law enforcement officer's names and office telephone number | Email  withheld in part  to FOIA exemptions 2low, b6 and 7C,

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 163-164 | 6/8/07 | Heads up New Haven Ops Operations | Withheld law enforcement officer's names and office telephone number | Email withheld in part  to FOIA exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 165 | 6/8/07 | Heads up New Haven Fugitive Operations | Withheld names of law enforcement officers | Email withheld in part pursuant to FOIA Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 166-167 | 66/8/07 | Heads up Fug Ops | Withheld name of law enforcement officer | Email withheld in part pursuant to FOIA exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 168-169 170-171 | 6/8/07 | New Haven ICE Raids | Withheld name of law enforcement officer | Email withheld in part pursuant to FOIA exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 172 173 | 6/7/07 | Congressman DeLauro New Connecticut | Withheld names of law enforcement officers and office phone numbers | Email withheld in part pursuant to FOIA exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties.

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 174-176<br>177-178 | 6/6/07 | Forward update of ICE activity in New Haven Conn | Withheld law enforcement officer name | Email chain withheld in part pursuant to 2.low 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 179-181 182-183 | 06/7/07 | Regarding Update of ICE activity in Connecticut | Withheld law enforcement officers names and numbers | Email chain is withheld in part FOIA exemptions 2 low, 6, and 7C.<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 184-185 203-204 | 6/6/07 | Regarding ICE Raids in New Haven Conn | Withheld phone numbers and names of law enforcement officials. | Email chain withheld in part pursuant to  2 low 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 186-202 | Various dates | News Clips | released | Referred to DHS |
| 203 – 204 | 6/8/07 | Heads Up New Haven Fug Ops | Withheld law enforcement officer name | Email withheld in part pursuant to 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 205-209 | 5/5/07 | 9 Fug Ops Approved Friday May 4, 2007 | Withheld law enforcement officers' names, phone numbers and law enforcement sensitive information | Email chain withheld in part 2high and low, 6, 7C and 7E

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The information withheld under 2 high and 7E is a sentence discussing what database ICE will be used to run the names of individuals apprehended. Release of this information will give the criminal element insight to ICE's law enforcement technique in researching individuals apprehended.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties.<br><br>Exemption (b)(7)(E) of the FOIA exempts records or information compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law.  The information is exempted pursuant to (b)(7)(E) in that it relates specifically the record was created specifically for the execution of a law enforcement operation |
| 210 | Not dated | Operation Fiscal year 2007 | Withheld phone number | Email withheld in part pursuant to Exemptions b2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 211-212 | 6/8/07 | Daily Report 6/8/07 | Withheld law enforcement officers names and agency phone number | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 213-214 | 6/7/07 | Daily report 6/7/07 | Withheld law enforcement officers names and agency phone number | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C.

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 215 | | | | Blank pagae |
| 216 | 6/6/07 | ICE Raids in New Haven Connecticut | Withheld names of law enforcement officers and email addresses | Email withheld in part Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 217 | 6/6/07 | Do you Know if there is anything going on with the 911 Bill | Withheld email address | Email withheld in part pursuant to Exemption  6

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 218 227-228 229-230 256-257 | 6/22/07 | Comprehensive Investigation | Withheld phone and fax numbers | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.  The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 219 | 6/12/07 | Detainee Information | Withheld names of third parties and law enforcement officer | Email withheld in part pursuant to Exemption 6 and 7C

The withheld information consists of names, addresses and alien numbers of third party individuals.  The disclosure of this identifying information in association with the investigation could constitute an unwarranted invasion of personal privacy.  Moreover, there is no public interest to be served by releasing the identities of third parties.  The individuals A file number, coupled with the fact that a law enforcement agency has an investigative interest, if disclosed could subject them to embarrassment, harassment, and undue public attention.  The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this in document.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes third party personally identifiable information such as A-File number. The individuals A file number, coupled with the fact that a law enforcement agency has an investigative interest and information regarding their criminal history, including type of conviction and predator status, if disclosed could subject them to embarrassment, harassment, and undue public attention.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public  The individuals' privacy interest in the information contained in the record outweighs any |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 220<br>221<br>243-244<br>310<br>311 | 6/11/07 | Letter to Secretary Chertoff | Withheld email address and phone and fax number | Email withheld in part pursuant to Exemptions 2 low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | addresses of agency employees. The release of the email addresses could subject the employee to harassing which could bog down the employee's email system. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 222 | 6/6/07 | ICE raids in New Have Connecticut | Withheld law enforcement officer name | Email withheld in part pursuant to Exemption 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 223 242 | 6/12/07 | Number for Don Kent | Release in full | Email released in full |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 224 252-253 | 6/11/07 | Call fro Mayor DeStefano | Withheld email addresses, and phone numbers | Email withheld in part pursuant to Exemptions 2low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 225-226 | 6/6/07 | Updated on ICE Activity in Conn | Withheld officers name and phone number | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 231-232 233-234 235 | 6/8/08 | Heads up New Haven Fug Ops | Withheld names of law enforcement names officers | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 236 | 6/7/07 | Boston New Haven OP Feedback | Withheld law enforcement officer's name | Email withheld in part pursuant to Exemptions 6. and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 237 | 6/25/07 | North Haven Arrests | Withheld names of third party individuals, law enforcement officer's names and phone numbers | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

The withheld information consists of names, addresses and alien numbers of third party individuals.  The disclosure of this identifying information in association with the investigation could constitute an unwarranted invasion of personal privacy.  Moreover, there is no public interest to be served by releasing the identities of third parties.  The individuals A file number, coupled with the fact that a law enforcement agency has an |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | investigative interest, if disclosed could subject them to embarrassment, harassment, and undue public attention.  The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this in document

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. Information exempted pursuant to (b)(6) includes third party names.  The individuals name coupled with the fact that a law enforcement agency has an investigative interest in |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | them, if disclosed could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 238 | 6/15/07 | DeLauro Response regarding New Haven | Withheld email address and agency phone number | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | responsibilities. <br><br> Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities <br><br> Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 239-241 | 6/14/07 | Regarding Detainee Information | Withheld names of law enforcement officers and third party individuals | Email withheld in part pursuant to Exemptions 6 and 7C <br><br> The withheld information consists of names and alien numbers of third party individuals.  The disclosure of this identifying information in association with the investigation could constitute an unwarranted invasion of personal privacy.  Moreover, there is no public interest to be served by releasing the identities of third parties.  The individuals A file number, coupled with the fact that a law enforcement agency has an investigative interest, if disclosed could subject them to embarrassment, harassment, and undue public attention.  The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this in document.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. Information exempted pursuant to (b)(6) includes third party names. The individuals name coupled with the fact that a law enforcement agency has an investigative interest in them, if disclosed could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 245 | 6/11/07 | Fugitive Operations in Connecticut | Released in full | Email released in full |
| 246-247 | 6/8/08 | New Haven ICE raids | Withheld officer's names | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 248 | 6/6/07 | ICE Raids in new Haven Conn | Withheld law enforcement officer's names | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 249-250 251 | 6/11/07 | Hot DHS Senator Lieberman RE: New Haven - Raid | Names email address of law enforcement officers and phone number | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 254 | 6/8/07 | Do you know about this Bibrays -SF worksite issue | Withheld phone numbers | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 255 | 6/6/07 | New Haven | Released in full | Released in full |
| 258 | 6/607 | Update on ICE Activity in Connecticut | Withheld email address of law enforcement officer and phone numbers | Email withheld in part pursuant to Exemptions 2low, 6 and  7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 259 | 6/11/07 | Fugitive Operations in Connecticut | Released in full | Released in full |
| 260-261 262-263 | 6/8/07 | Heads up New Haven Operations | Withheld names of law enforcement officers | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 264-265 268-269 | 6/8/08 | New Haven ICE Raids | Withheld phone and fax numbers and names of law enforcement officers | Email withheld in part pursuant to Exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 266-267 | 6/8/07 | Heads up New Haven Fug Ops | Withheld names of law enforcement officers | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 270 271 272-275 | 6/7/07 | Congresswo man DeLuaro New Haven Connecticut | Withheld officers names and phone numbers | Email withheld in part pursuant to Exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 276-278 279-281 295-298 302-303 | 6/6/07 | Update ICE Activities in CT | Withheld phone numbers and names of law enforcement officers | Email withheld in part pursuant to Exemptions 2 low, 6and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 282 | 6/21/07 | Lieberman Staff question | Withheld email address and telephone number | Email withheld in part pursuant to Exemptions 2low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 283 | 6/13/07 | Letter on New Haven Raid | Withheld email address, name of law enforcement office and telephone number | Email withheld in part pursuant to Exemptions 2low, 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 284-285 | 6/6/07 | ICE Raids New haven CT | Withheld email addresses, talking points DDP | Email withheld in part pursuant to Exemptions 2 high, 5 and 6<br><br>This email chain is redacted in part pursuant to exemption 5.  The redacted information is ICE's internal talking points regarding the operation for use by the Public Affairs office.<br><br>The text is also subject to the deliberative process privilege (DPP).  Release of the talking points used in preparation for call from the public and news media outlets will adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and therefore, result in a chilling effect on intra-agency communications. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in part pursuant to the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 286 287 | 6/6/07 | ICE Raids New haven CT | Withheld email addresses, law enforcement officer's names | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 288 294 | 6/11/07 | Hot DHS Senator Leiberman regarding New Haven Raid | Withheld email addresses, phone numbers and names of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.


Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 289-290 291-292 293 | 6.6.07 | Do you know if there is anything going on with 911 bill | Withheld email address | Email withheld in part pursuant to Exemptions 6<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 299-301 | 6/6/07 | Update ICE Activities in CT | Released in full | Released in full |
| 304-305 306-307 | 6/6/07 | Marriage Release on Immigration Raids | Released in full | Email released in full. |
| 308-309 | 6/15/07 | Senator Dodd to S1 | Withheld phone number and email address | Email withheld in part pursuant to Exemptions 2low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 312<br>313 | 6/8/07 | New Haven call | Withheld emails address and phone numbers | Email withheld in part pursuant to Exemptions 2 low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 314 | 6/8/07 | New Haven Action | Withheld email addresses and phone numbers | Email withheld in part pursuant to Exemptions 2 low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.  The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the email addresses of  agency employees. The release of the email addresses could subject the employee to harassing which could bog down the employee's email system. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 315-316 317-318 | 6/6/07 | Julie Meyers | Withheld email addresses and phone numbers | Email withheld in part pursuant to Exemptions 2 low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 319-330 | | ICE office of Professional Responsibility | | Released in full |
| 331- 337 | 6/11/07 | ICE Broadcast | Released in full | Released in full |
| 338-342 | 6/12/07 | ICE Broadcast | ICE Clips | Clips of top stories |
| 343-348 | 6/13/07 | ICE Broadcast | | Clips of top stories |
| 349-353 | 6/15/07 | ICE Broadcast | | Clips of top stories |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 353-357 | 6/19/07 | ICE Broadcast | Released in full | Clips of top stories |
| 358-364 | 6/20/07 | ICE Broadcast | Released in full | Clips of top stories |
| 365-370 | 6/7/07 | ICE Broadcast | Released in full | Clips of top stories |
| 371-375 | 6/8/07 | ICE Broadcast | Released in full | Clips of top stories |
| 376 | 6/11/07 | AP | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemption 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | identities of law enforcement agents or third parties. |
| 377 378 | No date | Accepted: Hew Haven Investigation | Released in full | Email delivery notification |
| 379 | 7/20/07 | AP television | Released in full | Email released in full |
| 380 | 7/21/07 | Article on New Haven | Released in full | Email released in full |
| 381 | 7/24/07 | Bill Tucker | Withheld telephone number and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 382 – 383 | 7/20/07 | Boston 3 | Released in full | Email released in full |
| 384 | 7/19/07 | Boston 5 | Released in full | Email released in full |
| 385 | 6/7/07 | Boston 6 | Released in full | Email released in full |
| 386 | 6/6/07 | Boston 7 | Released in full | Email released in full |
| 387 | 5/29/07 | Boston 9 | Released in full | Email released in full |
| 388 | 1/1/4501 | Boston report 2 | Withheld email address | Email withheld in part pursuant to Exemption 6<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the email addresses of agency employees. The release of the email addresses could subject the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 389-390 | 6/21/07 | Lawyers for illegal immigrants caught in Elm City Raid get bonds reduced | Released in full | News article from New Haven Register released in full |
| 391 | 8/1/07 | Can you pleased send me our New Haven Talkers | Released in full | Email released in full |
| 392 | 6/14/07 | Comments | Withheld telephone number and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6, and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 393 | 6/11/07 | No subject | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 394 | 6/14/07 | CNN Dobbs | Released in full | Email released in full |
| 395<br>455 | 6/14/07 | CNN wants to talk New Have | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 396 | 6/14/07 | CNN | Withheld email address | Email withheld in part pursuant to Exemption 6<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 397 456 | 7/23/07 | CNN's American Morning | Released in full | Email released in full |
| 398 | 7/23/07 | Cobb 2 | Released in full | Email released in full |
| 399-420 | | | DHS Clips | Documents referred to DHS |
| 421-438 | | CQ | Released in full | Congressional Quarterly News articles released in full |
| 439-441 | 6/21/07 | Federal Agency Reviews Immigration Raids | Withheld name of law enforcement officer | Email containing news article withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 442 | 6/6/07 | Field Report | Withheld phone number and law enforcement officer's name | Email withheld in part pursuant to Exemptions 2 low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 443 | 6/8/07 | FOX | Withheld phone numbers and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 444 | 6/11/07 | Fug Op in Conn | Released in full | Email released in full |
| 445 | 6/8/07 | Fug Ops in New Haven Monday | Released in full | Email released in full |
| 446 – 447 | 6/14/07 | FW: | Withheld email address and phone number | Email withheld in part pursuant to Exemptions 2 low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 448 | 6/11/07 | a/p | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 449-451 452-454 | 6/11/07 | Call from Mayor Stefano | Withheld phone numbers, email address and name of law enforcement office | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C  Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 457-458 | 6/6/07 | Late add (New York) | Withheld phone number and name of law enforcement officer | Email withheld in part pursuant to Exemption 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 459-460 | 6/11/07 | FTCA Claim by | Withheld phone numbers, name of law enforcement officer and deliberative information | Email withheld in part pursuant to Exemptions 2 low, 5, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in part pursuant to the deliberative process and attorney-client privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 461 | 5/29/07 | FW: ICE Statement | Withheld phone number and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 462<br>488 | 7/23/07 | More New Haven Talkers | Released in full | Email released in full |
| 463-464 | 7/20/07 | National Media Inquiry | Withheld phone number | Email withheld in part pursuant to Exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 465-467 | 7/23/07 | New Haven 4 | Withheld names of law enforcement officers | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 468 | 5/3/07 | New Haven as a sanctuary city | Withheld phone numbers and names of law enforcement officers | Email released in part pursuant to Exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 469 | | | | Blank page |
| 470-471 472-474 475-478 479-480 | 6/11/07 | New Haven | Withheld email address, phone numbers and names of law enforcement officers | Email released in part pursuant to Exemption 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system..  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 481 | 1/1/4501 | New Haven | Released in full | Email receipt notification released in full |
| 482 | 6/7/07 | FW: NY Times | Withheld law enforcement officer name | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 483-483 | 7/23/07 | Statement | Withheld phone numbers | Email withheld in part pursuant to Exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 485 | 6.26.07 | Yale News Story | Withheld law enforcement officer name | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 486 | 5/29/07 | ICE Statement | Withheld phone number and email address | Email withheld in part pursuant to Exemption 2 low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 487 | 6/7/07 | Mexican Consulate needs call back | Withheld phone numbers and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 489 | 7/20/07 | National Media Inquiry | Withheld phone number | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 490 | 6/13/07 | AS Note-New Haven (6-13-07).doc | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 491-494 603-606 | 7/24/07 | CNN-American Morning | Withheld email addressed | Email withheld in part pursuant to Exemption 6

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the email addresses of agency employees. The release of the email addresses could subject the employee to harassing which could bog down the employee's email system. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. |
| 495 496 | 6/18/07 | ICE Talking points on New Haven Fugitive Ops | Withheld phone number and name of law enforcement officer | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 497-498 499-500 501-504 | 6/11/07 | Letter to Chertoff from Senator Lieberman | Withheld email address and name of law enforcement officers | Email withheld in part pursuant to Exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 505-506 507-508 509-510 | 6/27/07 | More input for Mayor DeStefano re New Haven needed | Withheld phone numbers and name of law enforcement officers | Email withheld in part pursuant to Exemption 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 511 | 1/1/4501 | Municipal Identification Ordinance | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 512-513 514 | 1/1/4501 | New Haven - NFOP | Withheld phone numbers and name of law enforcement officer | Email withheld in part pursuant to Exemption 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 515 | | New Haven Mayor Response | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 516-519 | 1/1/4501 | New Haven | Withheld phone numbers, names of law enforcement officers and | Email withheld in part pursuant to Exemption 2 low, 5, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | deliberative information | relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in partl pursuant to the deliberative process privilege and attorney-client privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 520-521<br>522-523<br>524<br>538-539 | 6/11/07<br><br><br>6/6/07 | New Haven | Withheld phone numbers, names of law enforcement officers | Email withheld in part pursuant to Exemption 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 525 | 6/6/07 | Operation Return to Sender (New Haven) | Withheld phone number | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 526-532 | 7/5/07 | DeConcini revision regarding New Haven for Ms. Meyers | Withheld phone numbers, email address and names of law enforcement officers | Email withheld in part pursuant to Exemption 2 low, 5,  6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in part pursuant to the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 540 578 | 7/31/07 | Report re New Haven Raid | Released in full | Released in full |
| 541 551 | 7/31/07 | No subject | Released in full | Letter from Judy Rodgers to Lieberman enclosing report of investigation released in full |
| 542-547 | 7/31/07 | Report of Investigation | Withheld internal codes and names of law enforcement officers | Report of Investigation withheld in part pursuant to 2low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is internal agency.   The disclosure of routine, internal administrative codes, such as these serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 548<br>553<br>554-555<br>587-588 | 7/31/07 | Report on New Haven Investigation | Released in full | Email released in full |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 549 550 579 | 7/31/07 | New Haven Cover letter | Withheld phone numbers | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 552 580 | 7/31/07 | New Haven CT letter | Withheld phone numbers | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 556-557 583-584 585-586 | 7/16/07 | Complaint regarding DRO operation in New Haven CT | Released in full | Email released in full |
| 558-559 | 6/29/07 | Complaint by Mayor of New Haven Connecticut | Withheld law enforcement sensitive information | Note for Assistant Secretary Meyers withheld in part pursuant to Exemptions 2high and 7E<br><br>Exemption 2(high) protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk.  Whether there is any public interest in disclosure is legally irrelevant.  Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption 7(E) protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I determined that disclosure of law enforcement sensitive could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public. |
| 560-562 563-565 566-567 568-569 | 7/13/07 | Complaint regarding DRO operation in | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 607 608 | 7/17/07 6/29/07 | New Haven CT | | invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities <br><br> Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 570-571 572-573 574-575 576-577 | 7/31/07 | Report on New Haven Investigation | Withheld email address | Email withheld in part pursuant to Exemptions 6 <br><br> Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 581 | 7/30/07 | Cover letter for New Haven | Withheld phone number | Email withheld in part pursuant to Exemptions 2 low <br><br> Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | Report | | solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 582 589 | 7/19/07 | Report on New Haven | Released in full | Email released in full |
| 590 | 7/30/07 | New haven report.doc | Withheld phone numbers | Email withheld in part pursuant to Exemptions 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 591 | | No subject | Withheld draft document | Draft letter to Senator Lieberman enclosing report of investigation  withheld in full pursuant to b5<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in full pursuant to the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. |
| 592 | 6/21/07 | NBC News NY | Withheld phone number | Email withheld in part pursuant to Exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 593-594 | 711/07 | New Haven 8 | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 595 | 5/29/07 | New Haven 9 | Released in full | Email released in full |
| 596-597 | 6/6/07 | New Haven a/p story fyi | Release in full | Email containing Associated press news article |
| 598 | 1/1/4501 | New Haven Mayor's letter | Withheld phone numbers, name of law enforcement | Email withheld in part pursuant to Exemption 2 low, 5, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | officer and deliberative information | encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in part pursuant to the deliberative process and attorney-client privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 599 | 6/7/07 | NY Times | Released in full | Email released in full |
| 600 | 7/24/07 | CNN again | Released in full | Email released in full |
| 601-602 | 7/24/07 | CNN interview request | Withheld phone number and email address | Email withheld in part pursuant to Exemption 2 low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 609-610 | 11/8/07 | Re: from Boston | Released in full | Email released in full |
| 611 | 6/11/97 | Fug op in conn | Released in full | Email released in full |
| 612 | 6/18/07 | ICE talking points on New Haven Fug Ops | Withheld phone number | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 613-615 | 6/11/07 | New Haven | Withheld email address, phone number, name of law enforcement officer and internal agency policy | Email withheld in part pursuant to Exemption 2 high and low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Exemption 2(high) protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk.  Whether there is any public interest in disclosure is legally irrelevant.  Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.   The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 616 | 1/1/4501 | New Haven | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemption 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 617-618 | 6/7/07 | NY Times | Withheld email address and phone number | Email withheld in part pursuant to Exemption 2 low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 619 - 620 | 6/19/07 | RE: Timeline | Withheld phone number | Email withheld in part pursuant to Exemption 2 low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 621-624 | 7/5/07 | Residence can Apply July 24th for Elm City ID | Withheld law enforcement officer name | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 625 | 7/12/07 | WNPR Link | Released in full | Email containing a link to news article |
| 626-628 | 6/6/07 | Yale Daily News Article | Withheld law enforcement officer name | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 629-621 | 6/6/07 | Yale Daily News | Released | Yale News Article released in full |
| 632 | 5/10/07 | Change of Scheduled Operation | Withheld phone numbers and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 633 | 6/4/07 | Sault and Bus for Fug Ops | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 634-635 | 6/4/07 | After Op Operation | Withheld law enforcement officer name and law enforcement sensitive information | Email withheld in part pursuant to Exemptions 2 high, 6, 7C and 7E

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under b2(high) protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk.  Whether there is any public interest in disclosure is legally irrelevant.  Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties.<br><br>Exemption (b)(7)(E) of the FOIA exempts records or information compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law.  The record is exempted pursuant to (b)(7)(E) in that the record was created specifically for the execution of a law enforcement operation |
| 636-637 | 6/4/07 | New Meeting place for op return to sender | Withheld law enforcement officer name and law enforcement sensitive information | Email withheld in part pursuant to Exemptions 2hgin, 6, 7C and 7E<br><br>Exemption 2(high) protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk.  Whether there is any public interest in disclosure is legally irrelevant.  Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties.<br><br>Exemption (b)(7)(E) of the FOIA exempts records or information compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law. The record is exempted pursuant to (b)(7)(E) in that the record was created specifically for the execution of a law enforcement operation |
| 638 | 6/5/07 | AS Note for June 6 operation | Withheld law enforcement officer name | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | disclosure of such information would not shed light on ICE operations and activities |
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 639 | 6.6.07 | Note for Assistant Secretary Meyers | Released in full | Note to Assistant Secretary regarding DRO Hartford Operation Return to Sender released in full |
| 640 | 6/7/07 | Forward list | Withheld phone number and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 641<br>643 | 7/15/08 | DRO National Fugitive Operations Program | Withheld names of third party individuals | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes third party names.  The individuals name coupled with the fact that a law enforcement agency has an investigative interest in them, if disclosed could subject them to embarrassment, harassment, and undue public attention.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.  The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this information. |
| 642 | 6/7/07 | FW: | Withheld phone numbers and name of law enforcement officers | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 644 | 6/11/07 | FW: Response to Mayor DeStefano | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 645-651 | 6/6/07 | FW: new Independent-FYI | Withheld name of law enforcement officer | Email containing Press Release withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 652 660-661 668-669 | 6/11/07 | Raid in New Haven on the heels of positive ID measure adopted by city | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 653-655 | 6/10/07 | City Plan for ID Cards Hits a Nerve | Released in full | News Article released in full |
| 656-657 | 6/7/07 | Immigration Crack down | Released in full | News article released in full |
| 658 – 659 | 6/11/07 | Letter to Chertoff | Released in full | Letter from national immigration forum |
| 662-664 | 6/12/07 | Fw: AP story | Withheld names of law enforcement officer | Email containing news article withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 665-667 | 7/17/07 | FW: Call on Thursday 19th | Withheld phone numbers and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low,  6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 670 | 6/20/07 | HAR return to Sender Criminal Apps | Withheld phone number and name of law enforcement officer | Email withheld in part pursuant to Exemptions 2low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 671-672 | 6/22/07 | Arrest in North Haven | withheld phone and fax numbers, names of law enforcement officers and third party personal information | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.  Information exempted pursuant to (b)(6) includes third party names.  The individuals name coupled with the fact that a law enforcement agency has an investigative interest in them, if disclosed could subject them to embarrassment, harassment, and undue public attention.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.  The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, as the agency lacks consent to disclose this information to the Plaintiff, the agency is prohibited from disclosing this information.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 675 | 6/14/07 | Telephone inquiries | Withheld law enforcement officer names and phone numbers | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 676 | 6/18/07 | New OPN | Withheld names of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 677-678 | 6/21/07 | Federal agency reviews immigration raids | Withheld law enforcement officer name | Email containing news article withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 679 | 6/22/07 | Fw: Arrest in North Haven | Withheld law enforcement officer name and phone number | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities  Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 680-681 | 6/17/07 | FW: need assistance regarding response letter to | Withheld name of law enforcement officer and telephone | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C  Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | NGOs | numbers | relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 682 | 65/1/07 | New Haven OP | Withheld name of law enforcement officer and telephone numbers | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 683 | | | | Non responsive |
| 684 | 5/1/07 | FW: Hartford Operation | Withheld name of law enforcement officer | Email withheld in part pursuant to Exemptions 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 685 686 | 5/2/07 | Todays HAR OPN | Withheld law enforcement officer name | Email withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 687-2111 | | ICE Clips | Released | News clips released in full |
| 2112-2116 2117-2119 2120-2122 2123-2124 2125-2129 2130-2134 2135-2143 2144-2146 2147-2151 2152-2153 2156-2160 2161-2164 | 4/10/06 5/29/07 5/5/07 6/7/07 6/14/07 6/19/07 6/21/07 7/2/07 7/20/07 7/23/07 12/4/07 12/18/07 | Daily Media Service report | | Responsive information released in full |
| 2154-2155 | 10/07 | Close of Business Report | | Close of business report responsive information released in full |
| 2156 | | | | |
| 2165- 2167 | 8/8/07 | New Haven | Withheld phone numbers and name of law enforcement officer | Email change withheld in part pursuant to 2low, 6 and 7C  Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number |

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.  The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities  Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2168- 2170 | 7/20/07 | New Haven Information | Withheld phone numbers and names of law enforcement | Email change withheld in part pursuant to 2low, 6 and 7C  Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | officer | encompasses two standards: low and high. Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2171- | No date | National Fugitive Operations Program | Withheld third party information | Spreadsheet of arrestees withheld in part pursuant to 6 and 7C |
| 2172 2173 2174 2175 2176 | 7/19/07 | Conference Call | Released in full | Released in full |
| 2177 | 7/19/07 | Conference call with NGOs regarding New Haven Fug Ops | Released in full | Meeting maker released in full |
| 2178-2180 2181-2183 2184-2186 2187-2189 2190-2192 | 7/3/07 | Revision DeConcini Revision re: New Haven for Ms. Meyers | Withheld email address and phone numbers | Email chain withheld in part pursuant to exemption 2low and 6.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2193-2194 | 7/29/07 | Call about New Haven Raids | Withheld phone number | Email chain withheld in part pursuant to exemption 2low

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2195 2196 | 6/29/07 | Complaint regarding DRO Operations in New Haven Connecticut | Withheld law enforcement sensititive | Email chain withheld in part pursuant to exemption 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2197 | 6/26/07 | OPR Traveling to New Haven | Withheld names of law enforcement officers | Email chain withheld in part pursuant to exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2198 | 6/22/07 | New Haven | Withheld name of law enforcement offices | Email chain withheld in part pursuant to exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2199-2200 | 6/21/07 | FW: arrests in new haven | Withheld phone numbers and officers name | Email chain withheld in part pursuant to exemption 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.  The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2201-2224 | 6/21/07 | FW: Remarks by Homeland Security Michael Chertof at Christian | Withheld email address, phone numbers and officer's name | Email attaching remarks withheld in part pursuant to exemption 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | Science Monitor Breakfast | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2225-2226 | 6/19/07 | FW: Timeline | Withheld phone number and law enforcement officer's name | Email chain withheld in part pursuant to exemption 2 low 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2227-2228 | 6/16/07 | Fw: New Haven Story | Withheld officer's name | Email chain withheld in part pursuant to exemption 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2229-2230 | 6/19/07 | New Haven Story | Withheld law enforcement officer's name | Email chain withheld in part pursuant to exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2231-2232 | 6/19/07 | FW: Ortiz again Claims No | Withheld email address officer's name and phone | Email chain withheld in part pursuant to exemption 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | Knowledge of raid | numbers | solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | identities of law enforcement agents or third parties |
| 2233 | 6/18/07 | New Haven OPN | Withheld names of law enforcement officer | Email chain withheld in part pursuant to exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2234-2235 2236-2237 2238-2239 2247-22248 2249-2250 2251-2252 2253-2254 | 6/15/07 | RE: S1 Conversation with Mayor DeSteffano from New Haven | Email addresses and law enforcement officer's names | Email chain withheld in part pursuant to exemption 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2255-2256 2282 2283 | | | | enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2240-2242 2243-2244 2245-2246 | 6/15/07 | RE: S1 Conversation with Mayor DeSteffano from New Haven | Withheld email addresses and officer's names, and law enforcement sensitive information | Withheld in part pursuant to exemptions 2high, 6, 7C and 7E<br><br>The information withheld pursuant to 2hgih and 7E are the number of ICE deportation officers in the State of Connecticut.<br><br>FOIA Exemption 2(high) protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties.

Exemption 7(E) protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I determined that disclosure of law enforcement sensitive information could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public. |
| 2257-2281 | 6/15/07 | FW: ICE Clips, June 15, 2007 | Withheld law enforcement officer's name | Email chain withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2284-2285 | 6/14/07 | Media Report | Withheld phone number | Email withheld in part pursuant 2low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2286-2288 | 6/14/07 | Re: Response | Withheld phone numbers, email address and third party information | Email chain withheld in part pursuant to  2low, 6  and 7C fugitive names<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2289 | 6/14/07 | RE: Still waiting | Withheld email address and phone number | Email chain withheld in part pursuant to exemption 2. low and  6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 2290-2291 | 6/14/07 | Re: | Withheld phone number, email address and deliberative | Email chain withheld in part pursuant to exemption 2low, 5 and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

FOIA Exemption 5 protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.   Portions of the responsive documents qualify for protection under the deliberative |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | process privilege which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel._____Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 2292 | 6/14/07 | Re: Chadbourne comments | Withheld phone number | Email chain withheld in part pursuant to exemption 2 low_____Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2293 | 6/14/07 | Plant | Withheld phone number | Email chain withheld in part pursuant to exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2294 | 6/14/07 | FW: | Withheld phone number | Email chain withheld in part pursuant to exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 2295 | 6/14/07 | Chadbourne comments | Withheld phone number and deliberative information | Email chain withheld in part pursuant to exemption 2 low 5<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption 5 protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.   Portions of the responsive documents qualify for protection under the deliberative process privilege which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 2296 | 6/14/07 | FW: | Withheld phone number | Email chain withheld in part pursuant to exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2297 | 6/13/07 | New Haven | Withheld phone number and law enforcement officer's name | Email chain withheld in part pursuant to exemption 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2298-2299 | 6/13/07 | Re: New Haven Talking points | Withheld email address, phone numbers and names of law enforcement officers | Email chain withheld in part pursuant to exemption 2low 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of agency employees. The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2300 | 6/13/07 | New Haven issue – Media | Released in full | Released in full |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2301 | 6/12/07 | FW: New Haven | Withheld law enforcement officer' name | Email chain withheld in part pursuant to exemption 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2302-2304 | 6/12/07 | FW: New Haven Raids | Withheld phone number | Email chain withheld in part pursuant to exemption 2 low<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2305 | 6/12/07 | Excerpt from New Hampshire Indpendent | Released in full | |
| 2306-2307 | 6/12/07 | FW:New Talker on New Haven | Released in full | Email |
| 2308 2309 2310-2311 2312-2313 2314 2315 | 6/12/07 | RE: New Talker | Released in full | Email released in full |
| 2316-2317 | 6/12/07 | New haven Register | Released in full | Email with news article released in full |
| 2318-2319 | 6/11/07 | AP Story | Withheld personal email address | Email containing News Article withheld in part pursuant to exemption 6 |
| 2320 2354-2355 | 6/11/07 | FW: New Haven | Withheld law enforcement officer name | Email chain withheld in part pursuant to Exemptions 6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2321-2325 | No date | MFOP Response to Senator Lieberman, Senator Dodd and Congresswoman DeLauro | Released in full | Responses to questions |
| 2326-2327 2328-2330 2337-2338 2345-2347 2348-2349 2356-2357 2366-2367 | 6/11/07 | RE: Call from Mayor Stefano | Withheld email address, phone numbers and names of law enforcement officers | Email chain withheld in part pursuant to Exemptions 2low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.  The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2331-2334 2343-2344 | 6/11/07 | RE: Letter to Secretary Chertoff from Senator | Withheld email address, phone numbers and names of law | Email chain withheld in part pursuant to Exemptions 2low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | Lieberman | enforcement officers | encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2335-2336 2339-2340 2350-2353 2358-2361 2362-2364 | 6/11/07 | RE: New Haven | Withheld talking points | Email withheld in part pursuant to b5

Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in part pursuant to the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. |
| 2341-2342 | 6/11/07 | FW: With RTS bullets | Released in full | Released in full |
| 2356-2357 | 6/11/07 | | Withheld email address, phone numbers and law enforcement officer's names | Email chain withheld in part pursuant to Exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | responsibilities. Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2365 | 6/11/07 | Draft Statement | Released in full | |
| 2368 | 6/11/07 | Response to Mayor DeStefano | Withheld name of law enforcement officer | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2369-2370 | 6/7/07 | Mayors release on Immigration Raids | Withheld email address, phone numbers and law enforcement officer's names | Email chain withheld in part pursuant to Exemptions 2low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |
| 2371-2372 2373-2374 2375 | 6/7/07 | New Haven Fug Ops | Released in full | Email released in full |
| 2376-2377 | 6/6/07 | Yale Daily News Article | | Email containing news article released in full |
| 2378-2382 2383-2387 | 6/27/07 | 691440, Meeting with New Haven City Officials | Withheld phone numbers and name of law enforcement | Email chain withheld in part pursuant to exemption 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | about Municipal ID Cards | officer' | encompasses two standards: low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 2388-2390 2391 – 2393 2394-2396 | 6/14/07 | Letter on New Haven Raid | Withheld email address and phone number | Email chain withheld in part pursuant to exemption 2low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 2397-2400 2401-2403 2404-2410 2411-2416 2417-2421 | 6/5/07 | New Haven Operation | Withheld phone numbers and email address | Email chain withheld in part pursuant to exemption 2low and 6

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertain to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE employees.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the employee to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

07FOIA52604
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |