07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject | Information Withheld | Description of Documents and Application of Exemptions under FOIA |
|---|---|---|---|---|
| ICE 3.000004-5 52939 | 4/2/07 | New Haven as a Sanctuary City | Released in ful | Email released in full |
| 6-7 8-9 | 4/3/07 5/11/07 | ARZ New Haven | Withheld phone numbers, names of law enforcement officers and deliberative information | Withheld in part pursuant to 2low, 5, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process.

This document is withheld in part pursuant to the attorney -client and the deliberative process privileges. The text withheld contains communication reflecting a request for advice by an ICE law enforcement official from an ICE attorney in preparation for a meeting with the Mayor of Connecticut.

The text is also subject to the deliberative process privilege (DPP).  Release of the |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | communication and the pre-decisional discussions relating to the preparation for the meeting would expose ICE's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and therefore, result in a chilling effect on intra-agency communications.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 10-12 13-16 | 5/21 07 | New Haven Proposes First ID Card for Undocumemted Immigrants | Withheld names of law enforcement officers | Email released in full |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 17<br>20 -21<br>26-27 | 6/4/07 | New Haven ID Card | Withheld phone numbers and email address | Withheld in part 2low and 6<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) include the email addresses of  agency employees.  The release of the email addresses could subject the employee to harassing which could bog down the employee's email system.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities |
| 18-19 | No date | The New Haven ID Card Letter | Withheld deliberative information | Attachment of previous email withheld in full pursuant to Exemption 5<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | full pursuant to the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.<br><br>This document is withheld in full pursuant to exemption (b)(5), DPP. The document reflects a revision process of a draft document of proposed issues for the USAO to address with the Mayor of New Haven regarding the issuance of ID Cards. Release of the document and the predecisional discussions reflected therein would expose ICE's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 22-25 | 6/4/07 | A card to help new arrivals | Withheld law enforcement officers names | Email withheld in part pursuant to Exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 28-31 | 6/6/07 | Illegal Immigrants arrested two days after ID proposal passes | Withheld names of law enforcement officers and phone numbers | Email withheld in part pursuant to Exemptions 2low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business.  The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 32-33 34-35 | 6/7/07 | Stefano Feds Terrorize Fairhaven | Withheld names of law enforcement officer names | This document is withheld in part pursuant to FOIA exemptions b6 and b7C.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| 36-37 | 6/8/07 | New Haven ID Cards | Withheld name of law enforcement officer, office telephone number and deliberative information. | This document was withheld in part pursuant to FOIA exemptions 2low, 5, 6 and 7C.<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business. The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.  This document is withheld in part pursuant to the deliberative process and attorney-client privilege.<br><br> The text withheld contains communication reflecting a request for advice by an ICE law enforcement official from an ICE attorney in response to the Mayor of Connecticut issuing ID Cards.  It shows the thought process of the law enforcement officer who is asking for advice from the AUSA.  Release of this part of the communication reflected therein would expose ICE's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra- and inter-agency communications. |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 38-40

58-61 | 6/12/07



6/18/07 | Three Arrested as Immigration Agents hit North Haven Deli | Withheld email address and names of law enforcement officers | Email withheld in part pursuant to Exemptions 6 and 7C.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 41- 44 | 6/14/07 | Immigrant Arrested in Raid appears in court | Withheld names of law enforcement officers | This document is withheld in part  to FOIA exemptions b6 and 7C

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | |
| 45 - 46 | 6/14/07 | Immigrants Arrested appear in court update | Withheld law enforcement officer's names | This document is withheld in part  to FOIA exemptions 6 and 7C <br><br> Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. <br><br> Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 47 | 6/15/07 | New Haven Mayor's letter | Withheld phone numbers, names of law enforcement officers and deliberative | Page from Outlook calendar withheld in part pursuant to FOIA exemptions 2 low, 5, 6 7C <br><br> Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards:  low and high.  Low (b)(2) pertains to internal matters of a |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | information | relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business. The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.<br><br>This document is withheld in part pursuant to the attorney work-product and the deliberative process privileges.  The text withheld contains communication reflecting a discussion between two ICE attorneys regarding responding to a letter from the Mayor of New Haven.<br>The text is also subject to the deliberative process privilege (DPP).  Release of the communication and the pre-decisional discussions relating to the response to the Mayor's letter would expose ICE's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and therefore, result in a chilling effect on intra-agency communications<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
|  |  |  |  | individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 48-57<br>62-71<br>72-75 | 6/18/07 | ID Cards, Raids, etc | Withheld email address and names of law enforcement officer | Email withheld in part pursuant to FOIA exemptions 6 and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 76-77 138-139 | 6/20/07 | New Immigration 6/20/07 | Released in full | Email released in full |
| 78-79 109-110 | 4/15/07 | A Safe Haven in New Haven | Released in full | New York Times News Article released in full |
| 80-81 111-112 | 3/4/07 | Immigration A Tale of three Cities | Released in full | New York Times News Article released in full |
| 82-83 113-114 | 6/18/07 | New Haven's Elm City Residence Cards Fact Sheet | Released in full | Letter from Mayor of New Haven released in full |
| 84-90 115-121 | 10/2005 | A City to Model | Released in full | Proposal for public safety released in full |
| 91-106 122-137 | 5/7/07 | Proposal to the First City Fund Corporation | Release in full | Released in full |
| 107-108 | 6/20/07 | Meeting with New Haven City Officials | Withheld email addresses and names of law | Email withheld in part pursuant to Exemptions 6 and 7C.  Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical |

13

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | enforcement officers | files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 140-141 | 6/26/07 | Migrant Workers in Trafficking case feel at home in New Haven | Released in full | Email released in full |
| 142-146 147-150 152-155 | 6/27/07 | 691440 Meeting with New Haven city Officials about Municipal ID Cards | Withheld phone numbers, names of law enforcement officers and deliberative information | Email withheld in part pursuant to Exemptions 2low, 5, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.   Exemption (b)(2) encompasses two standards: low and high.  Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business. The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.  The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(5) of the FOIA exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  The privileges commonly invoked pursuant to the (b)(5) exemption are the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege.<br><br>This document is withheld in part pursuant to the attorney work-client and the deliberative process privileges. The text withheld contains communication reflecting a request for advice by an ICE law enforcement official from an ICE attorney in preparation for a meeting with the Mayor of Connecticut.<br><br>The text is also subject to the deliberative process privilege (DPP).  Release of the communication and the pre-decisional discussions relating to the preparation for the meeting would expose ICE's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and therefore, result in a chilling effect on intra-agency communications<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents by the individuals who are of interest to the agency and undue attention by the public. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 151 | 6/6/07 | AP Story | Released in full | Released in Full |
| 156-163 164-174 | 10/4/05 10/5/05 | New Haven Connecticut | Withheld phone numbers, email address and names of law enforcement officers | Email withheld in part pursuant to Exemption 2 low, 6 and 7C<br><br>Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Exemption (b)(2) encompasses two standards: low and high. Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement. The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent. Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties. Disclosure of a business number could disrupt and impede official business. The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business. The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 175 | 1/4501 | Municipal Identification Ordinance | Withheld names of law enforcement officer | Email withheld in part pursuant to Exemptions 6 and  7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in |

17

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 176-177 | 6/7/07 | New Haven AP Story FYI | Released in Full | Email containing AP news article released in full |
| 178-179 | 6/6/07 | Yale Daily News Article | Withheld law enforcement officers names | Email containing Yale News article withheld in part pursuant to Exemptions 6. and 7C<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | | enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 180-181 182-183 | 6/6/07 | New Haven Story | Withheld law enforcement officers names and email address | Email containing Press Release withheld in part pursuant to Exemptions 6 and 7C.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.

Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |
| 184-186 | 6/12/07 | Call From Mayor Stefano | Withheld email addresses, phone numbers and names of | Email withheld in part pursuant to Exemption 2 low, 6 and 7C

Exemption (b)(2) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.  Exemption (b)(2) |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
| | | | law enforcement officers | encompasses two standards:  low and high.  Low (b)(2) pertains to internal matters of a relatively trivial nature, while high (b)(2) pertains to substantial internal matters, the disclosure of which would risk circumvention of a legal requirement.  The information contained in the record that is exempt under low (b)(2) is the business telephone number and extension for an ICE law enforcement agent.  Business numbers relate to the internal practices of the agency that are to be utilized by agency personnel in the performance of their duties.  Disclosure of a business number could disrupt and impede official business. The release of this information could subject the agent to harassing telephone calls, which would impair their ability to conduct agency business.   The disclosure of routine, internal administrative numbers, such as the business number serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Information exempted pursuant to (b)(6) includes the identities of agency employees.  The release of the identities of the law enforcement agents involved in the execution of law enforcement operations aimed at apprehending individuals who violate immigration laws could trigger hostility towards the law enforcement agents by the individuals who are of interest to the agency and undue attention by the public.  The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities.<br><br>Exemption (b)(7)(C):  Information exempted pursuant to (b)(7)(C) include the identities of agency employees.  The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.  The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations.  Their identities if released, could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.  Moreover, there is no public interest to be served by releasing the identities of law enforcement agents or third parties. |

07FOIA52939
Vaughn Index

| Document Number | Document Date | Subject: | Withheld Status | Document Description |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |